**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DENG PETER BOL, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. CIV-26-449-R |
| ) | |
| MARKWAYNE MULLIN, et al., ) | |
| ) | |
| Respondents. ) | |

## ORDER

This matter is before the Court for review of the Report and Recommendation [Doc. No. 11] issued by United States Magistrate Judge Amanda L. Maxfield ordering Petitioner's release from immigration detention because Respondents failed to follow regulations when revoking Petitioner's Order of Supervision. Respondents filed a timely Objection [Doc. No. 13] to the Report and have also filed a Notice [Doc. No. 12] indicating Petitioner has been scheduled for removal to South Sudan between May 27, 2026, and May 29, 2026.

When a magistrate judge has issued a report and recommendation on a dispositive motion or prisoner petition, parties may object to the findings before the district court reviews them. *See* FED. R. CIV. P. 72(b). "'[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.'" *Hall v. Miller*, No. CIV-25-00518-JD, 2025 WL 2630738, at *1 (W.D. Okla. Sept. 12, 2025) (quoting *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). "A specific objection 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of

1

the parties' dispute.'" *Id.* (quoting *2121 E. 30th St.*, 73 F.3d at 1059). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party waives further review of a Report and Recommendation where it fails to specifically object to it. *2121 E. 30th St.*, 73 F.3d at 1060. Because Petitioner proceeds pro se, the Court will construe his filings liberally but cannot serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

The Court must now make a *de novo* determination of the portions of the Report to which Respondents objected. 28 U.S.C. § 636(b)(1).

Judge Maxfield found Petitioner's re-detention is governed by 8 C.F.R. § 241.13(i) because Petitioner was released under an Order of Supervision which was later revoked by ICE. Section 241.13(i) provides:

> **(2) Revocation for removal.** The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. . . .

> **(3) Revocation procedures.** Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. . . .

Respondents object to this finding because they claim the Petition cannot be fairly read to allege a § 241.13 claim. The Court disagrees. Petitioner asserts in his Petition that ICE violated the Immigration and Nationality Act and ICE Regulations by "fail[ing] to sufficiently demonstrate changed circumstances that render [his] removal significantly

2

likely in the foreseeable future" [Pet., Doc. No. 1, at pp. 7-8]. Construed liberally, the Court finds the Petition fairly encompasses a claim for a § 241.13 violation.

Next, Respondents object to the Magistrate's finding that ICE violated § 241.13 by failing to demonstrate changed circumstances indicating a significant likelihood of Petitioner's removal in the reasonably foreseeable future. Respondents urge the Court to find that ICE determined circumstances have changed since Petitioner's release under an OOS in 2024 and therefore did not violate § 241.13(i)(2) when they revoked his OOS in September of 2025. To support their argument, Respondents point to the declaration of Deportation Officer Bobé, wherein he explains that ICE conducted a custody review for Petitioner in January of 2026 and determined to maintain custody because there was a significant likelihood of Petitioner's removal [Bobé Declaration, Doc. No. 9-4, ¶¶ 12-13]. Officer Bobé indicated that while removals to Sudan were not occurring at the time of Petitioner's 2024 release, several Sudanese nationals were removed to third-party countries or Sudan in 2025. *Id.* ¶¶ 7-8, 16-17. Further, in March of 2026, Petitioner had a telephonic interview with the South Sudan Embassy and received a travel document application. *Id.* ¶¶ 14-15. Petitioner is considered a "priority for removal." *Id.* ¶ 18.

The Magistrate placed particular emphasis on ICE's failure to make most of the above determinations *prior* to revoking Petitioner's OOS. Several district courts in the Tenth Circuit have found "failure to establish changed circumstances [before revoking an OOS] amounts to a due process violation." *Pham v. Bondi*, No. CIV-25-1157-SLP, 2025 WL 3243870, at *1 (W.D. Okla. Nov. 20, 2025) (when analyzing whether Respondents demonstrated changed circumstances, Court noted Respondents "provided no evidence of

progress they made towards removal of Petitioner himself *before* re-detention") (emphasis added); *see also id.* (citing *Kong v. United States*, 62 F.4th 608, 619-20 (1st Cir. 2023)) ("finding it was burden of ICE to demonstrate substantial likelihood of removal in the reasonably foreseeable future existed at the time of re-detention"); *Qui v. Carter*, No. 25-3131-JWL, 2025 WL 2770502, at *3 (D. Kan. Sep. 26, 2025) (evidence indicated Respondents' asserted "changed circumstances" "did *not* lead to the determination to revoke petitioner's release, as officials' first request for a travel document for petitioner after the revocation was to the Chinese Consulate, with no request made to the Embassy until June 2025 (five months after revocation)").

Petitioner's custody review, interview with the Embassy, and receipt of travel documents occurred long after his OOS was revoked. Furthermore, the paltry increase in removals of Sudanese individuals is insufficient to demonstrate the likelihood of *Petitioner's* release in the foreseeable future.

> Respondents point to a general indication that removals to Vietnam were likely because removals were occurring more frequently in 2025 than in recent years. *See Tran v. Bondi*, No. C25-01897-JLR, 2025 WL 3140462, at *3 (W.D. Wash. Nov. 10, 2025); Thompson Decl. ¶¶ 12-13. This vague understanding does not satisfy the § 241.13(i)(2) determination of "a significant likelihood that *the* alien may be removed," however. 8 C.F.R. § 241.13(i)(2) (emphasis added); *see Pham v. Bondi*, 2025 WL 3243870, at *2 ("Respondents provided no evidence of progress they made towards removal of Petitioner himself before re-detention."). And it was not until November 3, 2025—almost two months later—that "Cao's Travel Document Request was submitted to ICE headquarters," which was "actively working with the State Department to remove Cao to Vietnam." Thompson Decl. ¶ 11. As correctly recognized by the R. & R., the United States Government's internal efforts in November 2025 do not demonstrate that any change regarding the likelihood of Petitioner's removal occurred prior to Petitioner's redetention on September 9, 2025. *See* R. & R. at 17; *Ye v. Bondi*, No. CIV-25-1230-D, 2025 WL 4034264, at *5-6 (W.D. Okla. Nov. 18, 2025) (R. &

R.) ("There is nothing about local ICE authorities sending a travel document request for Petitioner to a particular ICE department that constitutes 'changed circumstances' making his removal any more likely than it ever was."), *adopted in relevant part*, 2025 WL 3485420 (W.D. Okla. Dec. 4, 2025).

*Cao v. Bondi*, No. CIV-25-1403-G, 2026 WL 637617, at *5 (W.D. Okla. Mar. 6, 2026) (citations modified).

Accordingly, the Court agrees that ICE violated § 241.13(i)(2).

Other courts in this district have found "fail[ure] to comply with § 241.13(i)(2) in establishing a change of circumstances that demonstrated a significant likelihood of removal in the reasonably foreseeable future at the time of [p]etitioner's re-detention" "amounts to a due process violation, entitling the petitioner to habeas relief" in the form of immediate release. *Pham*, 2025 WL 3243870, at * 1; *Ye*, 2025 WL 3485420, at *3 ("ICE's failure to abide by its own regulations in making the decision to revoke Petitioner's OOS renders the revocation unlawful, and [] his release . . . appropriate."); *Hamidi v. Bondi*, No. CIV-25-1205-G, 2025 WL 3452454, at *4 (W.D. Okla. Dec. 1, 2025) (ordering Petitioner's immediate release due to ICE's failure to comply with § 241.13(i)).

Respondents object to Petitioner's immediate release. And in this case, at least, the Court agrees. District courts have indicated "mere failure to comply with such regulations does not support an automatic writ of habeas corpus." *Bahadorani v. Bondi*, No. CIV-25-1091-PRW, 2025 WL 3048932, at *3 (W.D. Okla. Oct. 31, 2025); *see also Nguyen v. Noem*, No. 6:25-CV-057-H, 797 F. Supp. 3d 651, 664 (N.D. Tex. 2025) (discussing *Wilkinson v. Dotson*, 544 U.S. 74 (2005)) ("The Supreme Court . . . made clear that error regarding one's confinement does not mean that release is the appropriate remedy."). Since

5

the Magistrate filed her Report and Recommendation, Respondents have filed a Notice indicating Petitioner is scheduled for removal sometime between May 27 and 29 of 2026. Thus, even if this Court ordered "Petitioner released from detention for failure to follow 8 C.F.R. § 241.13(i)(2)-(3), . . . that does not change the fact that Petitioner is still removable and could promptly be served with a notice of revocation, detained, and provided a brief interview. A do-over in this case would be wasteful." *Bahadorani*, 2025 WL 3048932, at *4 ("There is no relief that this Court could offer, since Petitioner has now been adequately provided notice as to the reason for his revocation and detention, he has been provided a forum to rebut the reasons for his detention, and it is still the case that Petitioner is statutorily removable."). Accordingly, the Report and Recommendation is DENIED to the extent that it recommends Petitioner's immediate release from detention.[1]

The Magistrate recommended the Court decline to address Petitioner's remaining arguments regarding how revocation of his release or his detention is unlawful. Respondents object, asking the Court to conclude Petitioner's *Zadvydas* claim is premature and lacks merit. Noncitizens may challenge the length of their post-removal-period detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under *Zadvydas*, "[d]etention lasting beyond six months requires the government to rebut the alien's showing that there is no significant likelihood of removal in the reasonably foreseeable future." *Abiodun v. Mukasey*, 264 F. App'x 726, 729 (10th Cir. 2008) (unpublished) (citing *Zadvydas*, 533 U.S. at 701). Respondents have indicated Petitioner's removal is imminent,

---

[1] In making such a determination, the Court notes the impact of Petitioner's imminent removal on its decision. The Court may decide differently in a case with different facts.

and thus significantly likely in the reasonably foreseeable future. Accordingly, even if Petitioner could establish his detention has extended beyond a reasonable amount of time, he is not entitled to relief pursuant to *Zadvydas*.[2]

Accordingly, the Court partially ADOPTS and partially DENIES the Report and Recommendation. Though the Court finds Respondents failed to demonstrate changed circumstances prior to the revocation of Petitioner's OOS justified that revocation, due to Petitioner's imminent removal, it DENIES the Magistrate's recommendation that Respondents be ordered to immediately release Petitioner from custody. Accordingly, the Petition is DISMISSED without prejudice. If Petitioner is not removed in accordance with Respondents' representations in the Notice, he may reassert his claims.

IT IS SO ORDERED this 22nd day of May, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner presents two other grounds for relief in his Petition: ICE's violations of its regulations under the Administrative Procedure Act and a violation of his Fifth Amendment Due Process rights generally. But the sparse support Petitioner provides for these claims merely reiterates the assertions he makes in his INA and *Zaydvydas* claims. Moreover, Petitioner has not adequately supported these claims for relief. On the current record, without sufficient briefing of these issues, and considering Petitioner's imminent removal, the Court declines to consider these claims.